UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

SHERI MUNOZ                                          CIVIL ACTION

v.                                                   NO. 06-9269

STATE FARM FIRE AND CASUALTY                         SECTION "F"
COMPANY

ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. This motion is DENIED.

Sheri Munoz' home in Chalmette, Louisiana was damaged in Hurricane Katrina. She claims that the home was rendered uninhabitable due to tornadoes and hurricane winds. State Farm refused to pay Munoz' claim because it of a "concurrent causation clause" in the policy that excludes claims for damage caused concurrently by included and excluded losses. State Farm argues that Munoz' damage was either primarily or partially caused by flood water; therefore, the entire claim is excluded. Munoz sued State Farm in state court on August 28, 2006, and State Farm removed the case to this Court on November 1, within thirty days of service.

Munoz now moves to remand. She argues that the amount-

1

in-controversy requirement to invoke the diversity jurisdiction of this Court is not met.  State Farm argues that although the plaintiff has stated in her petition that her claim does not exceed $50,000, the fact that the plaintiff purchased a homeowners policy worth $198,266 is signficant.  To date, State Farm has only paid $3200 toward the claim on the policy, making the amount that State Farm could be potentially liable for $195,066.  The plaintiff also requests state law penalties.  State Farm argues that the value of the policy coupled with the demand for state law penalties places the amount in controversy over the jurisdictional requirement.  Alternatively, State Farm argues that this Court has original federal subject matter or supplemental jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act (MMTJA), 28 U.S.C. §§ 1369 and 1441(e)(1).

> This case is very similar to the cases analyzed by Judge Sarah Vance in <u>Davis v. State Farm Fire & Casualty</u>, 2006 WL 1581272 (E.D. La. June 7, 2006)(consolidated with 06-0569, 06-0830, 06-0831, 06-1090, 06-1091, 06-1092, 06-1292, and 06-1597).  In those cases, the plaintiffs made statements in their complaints that the amount of damages sought were less than the amount-in-controversy required for diversity jurisdiction.  At the same time, the plaintiffs demanded the face-value of their respective policies and, like State Farm in this case, the insurer had only paid a tiny fraction of the value of the policy.  The plaintiffs in those cases

also sought state law penalties over and above the amount of the loss. Judge Vance found that none of the statements of the amount of the claims in any of the complaints equaled a renunciation of the right to enforce a judgment in an amount greater than the amount-in-controversy requirement for diversity jurisdiction. Because the plaintiffs sought to enforce insurance policies that they claimed entitled them to additional coverage of more than $75,000, and mandatory penalties would be assessed to the defendant if the defendant were found liable, Judge Vance ruled that the amount-in-controversy requirement was met for federal jurisdiction.

Munoz' policy is worth close to $200,000 and she claims that her house is "uninhabitable as the entire structure was severely damaged." Applying Judge Vance's analysis, this Court finds that the mere statement, "[p]etitioner's claim does not exceed $50,000," is not enough to bind Munoz irrevocably, considering the fact that the amount that State Farm could be liable for is $195,066 even before Munoz' request for mandatory state law penalties is considered.[1]  For this reason, the Court

---

[1] Compare this analysis with Judge Engelhardt's analysis in <u>Engstrom v. L-3 Communications Gov't Svcs., Inc.</u>, 2004 WL 2984329, at *5 (E.D La. Dec. 23, 2004)(relying on <u>DeAguilar v. Boeing</u>, 47 F.3d 1404 (5th Cir. 1995), where the plaintiffs expressly stated in their complaint that the "amount of damages sustained <u>and sought</u> by Petitioners herein does not exceed the sum or value of $75,000, exclusive of costs and interests." (Emphasis added). Judge Engelhardt found that this language irrevocably bound the plaintiffs so that they could not recover more than the jurisdictional amount as a matter of law. Clearly, the Court must examine the specific language in the complaint and glean the intent

finds that the defendant has met its burden of proving that the amount in controversy exceeds $75,000, meeting the requirements for diversity jurisdiction.  See Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999)(stating that a defendant can show that the plaintiff's complaint is facially apparent regarding the amount in controversy or can set forth facts in dispute to satisfy its burden of showing the jurisdictional amount is met); see also De Aquilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).

      Additionally, multiple Sections of this Court have considered whether the Multiparty, Multiforum Trial Jurisdictional Act, 28 U.S.C. § 1369(a), provides original or supplemental jurisdiction for lawsuits filed as a result of Hurricane Katrina. Unanimously, judges in this Court have agreed that it does not, in part because Hurricane Katrina is not classified by the Court as an "accident."  See, e.g., Salvaggio v. Safeco Property & Cas. Ins. Co., 2006 WL 3068971 (E.D. La. Oct. 25, 2006)(Feldman, J.); Berry v. Allstate Ins. Co., No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006) (Zainey, J.); Flint v. La. Farm Bureau Mut. Ins. Co., No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006) (Duval, J.); So. Athletic Club, LLC v. Hanover Ins. Co., No. 06-2005, 2006 WL 2583406 (Sept. 6, 2006) (Lemmon, J.); Southall v. St. Paul Travelers Ins. Co., No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16,

---

of the plaintiff when assessing whether the plaintiff has bound himself by his state court pleading.

2006) (Barbier, J.).

Accordingly, the plaintiffs' motion to remand is DENIED.[2]

New Orleans, Louisiana, January 26, 2007.

                              */s/ Martin L. C. Feldman*
                                MARTIN L. C. FELDMAN
                              UNITED STATES DISTRICT JUDGE

---

[2] It is with no understated sense of irony that the Court is compelled to observe that if plaintiff truly does not seek more than $50,000, no doubt this dispute will settle for less than $50,000 in due time.